UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                            :

AKEBA PALMER,                  :

          Petitioner,      :

                       :     25 Cr. 264 (CM)

      - v. -              :

                       :

UNITED STATES,          :

          Respondent     :

------------------------------------- x

## ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE WAIVER

WHEREAS Defendant Akeba Palmer has filed a petition (the "Petition") pursuant to 28 U.S.C. § 2255 on the grounds that his former counsel, William J. Harrington, Esq. and Patricia A. Pileggi, Esq. (together, "Prior Counsel") provided ineffective assistance of counsel in connection with pretrial proceedings and the entry of his guilty plea;

WHEREAS the Government, after reviewing the Petition, has concluded, in an abundance of caution, that Prior Counsel's sworn testimony will be needed in order to allow the Government to respond to certain aspects of the Petition;

WHEREAS the Court, after reviewing the Petition, is satisfied that Prior Counsel's sworn testimony is needed in order to allow the Government to respond fully to the Petition;

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Prior Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*; and

WHEREAS by filing the Petition, the defendant has waived as a matter of law the attorney-client privilege with respect to the issues necessary to resolve the Petition;

IT IS HEREBY ORDERED that Prior Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by the Defendant; and it is further

ORDERED that the defendant execute and return to this Court within 60 days from today's date the enclosed "Attorney-Client Privilege Waiver (Informed Consent)" forms. If the defendant does not return the form bearing his name to the Court within 60 days from today's date, the Court will deny the § 2255 motion for the defendant who does not respond, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the Petition; and it is further

ORDERED that the Government shall file an answer or other pleadings in response to the motion within 60 days of the date that the affidavits of Prior Counsel are made available to the Government.

Dated: New York, New York
     June  5 , 2026

_____
THE HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
                           :

AKEBA PALMER,                            :

                 Petitioner,    :

                           :    25 Cr. 264 (CM)

          - v. -                         :

UNITED STATES,                           :

                 Respondent     :

                           :
---------------------------------------- x

**Attorney-Client Privilege Waiver (Informed Consent)**

**To: Defendant Akeba Palmer (Reg. No. 55129-054):**

You have made a motion based, in part, on the ground that you received ineffective assistance from your former lawyers, William J. Harrington, Esq. and Patricia A. Pileggi, Esq. ("your former attorneys"). The Court has reviewed your papers and determined that it needs your former attorneys' testimony in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with Mr. Harrington and Ms. Pileggi to the extent relevant to determining your motion. This means that if you wish to press your motion, you cannot keep the communications between yourself and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order, which is enclosed, ordering Mr. Harrington and Ms. Pileggi to provide sworn statements, in the form of affidavits to the Government, which will then be filed with the Court. This Informed Consent form is designed to ensure that you fully understand and agree to this.

If you wish to proceed with your motion, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorneys to disclose confidential communications: (1) in response to a Court order; and (2) to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about their representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorneys to testify in this matter.

You must return this form, signed by you, within 60 days of the date of the accompanying Order. If the Court does not receive this form, signed by you, within that time, then the Court will automatically deny your motion.

## AUTHORIZATION

I have read the Court's Order dated June ___, 2026 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorneys, Mr. Harrington and Ms. Pileggi, to the extent relevant to determining the pending application, to testify in this matter only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____
AKEBA PALMER

2